IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CLARENCE OWENS,<br><br>Plaintiff,<br><br>v.<br><br>JOANNE SCHWARTZ, *et al.,*<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:24-cv-10405-KMW-MJS<br><br>**MEMORANDUM OPINION** |

**Clarence E. Owens**

*Pro se*

**James K. Grace, Esq.**
MALAMUT & ASSOCIATES, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002

*Counsel for Defendants Joanne Schwartz,
Kathy Mehrer, Ashley Buono, Daniel
O'Connell, Tom Pullion, Allison Eckel,
Felicia Hopson, and Balvir Singh*

**WILLIAMS, District Judge:**

## I.   INTRODUCTION

Plaintiff Clarence Owens, proceeding *pro se*, brings this action against various county officials and employees based on the Burlington County Clerk's Office's refusal to record certain documents he submitted for recording in the public land records. Plaintiff sought to record these documents to assert and preserve a claimed interest in a residential property that had been the subject of a lengthy and ongoing foreclosure proceeding. The Clerk's Office rejected his submissions, citing a state-court foreclosure judgment and writ of execution, and concluding that at least one document appended to a deed was not eligible for recording. Plaintiff disputes that determination and now claims that the officials and employees involved in the decision violated his civil rights under federal and state law.

Presently before the Court is Defendants' Motion to Dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiff opposes the Motion. For the reasons that follow, the Motion is granted in part and denied in part.

## II.   BACKGROUND

The events giving rise to this dispute originate in a 2016 foreclosure action filed in New Jersey state court against non-party Charmaine Wright after she defaulted on a loan secured by the subject property.[2] That action culminated in the entry of a final judgment of foreclosure and the issuance of a writ of execution in December 2021. Notwithstanding that judgment, Wright allegedly executed a bargain-and-sale deed on September 20, 2022, purporting to convey the property to Plaintiff for $5,000. (ECF No. 1-2 at 9–10.) The deed recites that Wright possessed authority to transfer the property for the reasons set forth in an accompanying affidavit, which she also executed. (*Id.* at 10.) In that affidavit, Wright appears to challenge the validity of the mortgage underlying the foreclosure, asserting that the relevant loan documents were forged. (*Id.* at 12–14.) The submission also includes a letter attributed to a handwriting expert opining that the signatures on those documents are not Wright's. (*Id.* at 15–16.)

On September 21, 2022, Plaintiff presented these materials to the Burlington County Clerk's Office for recording. Although those documents were initially accepted, the Clerk's Office later declined to record them. According to the Complaint, a Clerk's Office employee advised Plaintiff that the submissions were rejected because the property was subject to a final judgment of foreclosure and because the Clerk's Office does not record affidavits. A more detailed explanation followed in a letter from the Burlington County Solicitor:

---

[1] "Defendants" collectively refers to the named defendants in this case: Joanne Schwartz, Kathy Mehrer, Ashley Buono, Daniel O'Connell, Tom Pullion, Allison Eckel, Felicia Hopson, and Balvir Singh.

[2] *See JPMorgan Chase Bank, N.A., v. Wright*, No. F-025014-16 (N.J. Super. Ct., Chanc. Div., Burlington County).

> Please be advised that this Office represents the Burlington County Clerk's Office. Your various correspondence relating to the above-referenced property . . . as well as certain documents you have requested to be filed by the Clerk's Office (a Deed and Affidavit of Title), have been referred to this Office for review. In the process of that review, this Office became aware that the Property is the subject of a Final Judgment of Foreclosure and Writ of Execution which were executed by the Superior Court of New Jersey, Burlington County Vicinage, Chancery Division, on December 16, 2021, under Docket No. F-025014-16. Copies of the Judgment and Writ are attached.
>
> Please be advised that the Burlington County Clerk has the responsibility to comply with, abide by and recognize the Court's binding Orders related to the Property. As such, I have advised the Burlington County Clerk that the documents you have submitted should not have been filed.

(ECF No. 1-2 at 47.)

Plaintiff disputed that determination. In a written response dated November 14, 2022, he objected to what he characterized as the County's "illegal refusal to perform its ministerial duty to record as set forth by law under N.J.S.A. 46:26A-6." (*Id.* at 59–66.) Plaintiff maintained that the prior foreclosure judgment did not relieve the Clerk's Office of its statutory recording obligations or extinguish Wright's ability to convey any remaining interest in the property. (*Id.*) He also challenged the validity of the foreclosure judgment and writ of execution, asserting that the state court lacked subject-matter jurisdiction and that the orders were predicated on a "false" mortgage assignment. (*Id.* at 64.)

On November 8, 2024, Plaintiff commenced this action against the Burlington County officials and employees he alleges were involved in, or responsible for, the refusal to record his documents. (ECF No. 1.) The Complaint brings: (1) claims under 42 U.S.C. § 1983 for alleged violations of his rights under the First Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1981 (Counts I–III); (2) conspiracy and failure-to-prevent claims under 42 U.S.C. §§ 1985 and 1986 (Counts IV–V); (3) two claims under the New Jersey Civil Rights Act and the New Jersey Constitution (Counts VI–VII); and (4) five common-law tort claims for willful misconduct, gross negligence, conversion, civil conspiracy, and emotional distress (Counts VIII–XII). Defendants

3

answered the Complaint and thereafter moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF Nos. 6–7, 37.) That Motion is now before the Court.

## III.   DISCUSSION

Defendants seek dismissal of Plaintiff's claims on two grounds. First, they contend that this action is barred in its entirety by virtue of sovereign immunity under the Eleventh Amendment. Alternatively, they argue that the Complaint fails to allege a plausible violation of any cognizable federal right.

### A.  Eleventh Amendment Immunity

The Court first addresses, and rejects, Defendants' threshold contention that this action is barred by sovereign immunity. Under the Eleventh Amendment, a State generally may not be sued in federal court by private parties, including its own citizens, absent consent or a valid abrogation by Congress. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996). That immunity extends not only to States themselves, but also to state agencies and entities that function as "arms of the State." *See N. Ins. Co. of New York v. Chatham Cnty., Ga.*, 547 U.S. 189, 193 (2006); *Karns v. Shanahan*, 879 F.3d 504, 512 (3d Cir. 2018) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007)). The party asserting Eleventh Amendment immunity bears the burden of establishing its entitlement to that protection. *See Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989).

Defendants have not carried their burden here. Although Defendants assert an entitlement to sovereign immunity, they have offered no relevant basis for regarding them as "arms of the State" for purposes of the Eleventh Amendment. Their Motion does not acknowledge, much less engage, the "fact-intensive three-part test" that governs that inquiry. *Karns*, 879 F.3d at 513. Nor

4

do they grapple with the well-settled principle that counties, and still less their officers or employees, ordinarily are not entitled to Eleventh Amendment immunity. *See N. Ins. Co. of New York*, 547 U.S. at 193 ("[T]his Court has repeatedly refused to extend sovereign immunity to counties."). In the absence of any meaningful showing that Eleventh Amendment immunity applies, their Motion is denied on that ground.

### B. Plaintiff's Federal Claims

Defendants' alternative argument—that the Complaint fails to allege the violation of any federal right—is misdirected as a jurisdictional challenge. Whether Plaintiff has stated a cognizable federal claim is a question of pleading sufficiency, not subject-matter jurisdiction, and is therefore properly analyzed under Rule 12(b)(6). However, because Defendants have already answered the Complaint, the Court treats this aspect of their Motion as one for judgment on the pleadings pursuant to Rule 12(c) and evaluates Plaintiff's federal claims accordingly. *See Oxford House, Inc. v. Twp. of N. Bergen*, 158 F.4th 486, 490 (3d Cir. 2025); *see also United States v. Est. of Elson*, 421 F. Supp. 3d 1, 4 (D.N.J. 2019).

The standard under Rule 12(c) mirrors that applied under Rule 12(b)(6). The Court therefore accepts as true all well-pleaded factual allegations, draws all reasonable inferences in Plaintiff's favor, and determines whether the Complaint states a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In doing so, the Court disregards legal conclusions and conclusory allegations, including formulaic recitations of the elements of a cause of action. *See id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). And while the Complaint need not set forth detailed factual allegations, it must contain more than an "unadorned" accusation that Defendants acted unlawfully.[3] *Iqbal*, 556 U.S. at 678.

---

[3] In addition, because Plaintiff proceeds *pro se*, the Court construes the Complaint liberally and holds it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal

Measured against this standard, the Complaint fails to state a plausible claim for relief under federal law. At bottom, Plaintiff alleges that New Jersey law required county officials to accept and record certain documents and that they refused to do so. Even affording the Complaint a liberal construction, those allegations describe, at most, a dispute over the administration of local recording practices—not the deprivation of a right secured by the Constitution or laws of the United States. In essence, Plaintiff attempts to recast a disagreement over county recording practices as a violation of federal civil rights. The Complaint, however, does not plausibly support that characterization.

One of Plaintiff's core theories proceeds under 42 U.S.C. § 1983 and is framed as a violation of the First Amendment. As best the Court can discern, Plaintiff seems to hypothesize that Defendants infringed his free-speech rights by preventing him from "giv[ing] notice to the public" through materials asserting his claimed interest in the property. (ECF No. 1 at 18.) The Court is unaware of any authority, and Plaintiff cites none, recognizing a First Amendment right to record legal instruments in county land records. *Cf. First Nat. Bank v. Keys*, 229 U.S. 179, 184 (1913) (observing that state recording statutes dictate "what instruments are to be recorded, where they are to be recorded, and the effect of a failure to record"). Nor has Plaintiff provided any basis for concluding that the act of recording constitutes "speech" within the meaning of the Free Speech Clause. *Cf. United States v. O'Brien*, 391 U.S. 367, 376 (1968) (rejecting view that "conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea").[4]

---

quotation marks omitted). Liberal construction does not, however, excuse Plaintiff from alleging sufficient facts to support a claim. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

[4] Plaintiff also appears to assert a First Amendment retaliation claim based on the County Solicitor's letter, which copied—among other recipients—an assistant county prosecutor. (ECF No. 1-2 at 47.) Plaintiff interprets this individual's inclusion as a "malicious, spiteful, malignant, [and] sinister" attempt to have him "wrongfully investigated and wrongfully criminally prosecuted" in retaliation for "attempting to exercise [his] right to record a

Plaintiff also advances a race-discrimination theory that underlies two separate claims: a §
1983 claim premised on an alleged denial of equal protection under the Fourteenth Amendment,
and a § 1981 claim for alleged interference with the right to make and enforce contracts. Both
claims require factual allegations supporting a plausible inference of intentional discrimination.
*See Kasper v. Cnty. of Bucks*, 514 F. App'x 210, 214–15 (3d Cir. 2013); *Estate of Oliva ex rel.
McHugh v. New Jersey*, 604 F.3d 788, 797–98 (3d Cir. 2010). The Complaint, however, relies on
nothing more than conclusions and speculation. The only relevant facts alleged are that Plaintiff is
black, that the Clerk's Office permitted a mortgage company or bank to record some type of
affidavit in 2017, and that this entity was "presumably owned" by a white person. (ECF No. 1, ¶¶
41, 50, 59.) These allegations do not support a plausible inference that Plaintiff was treated
differently from a similarly situated comparator or that any such treatment was motivated by race.
*See Deejaiz LLC v. Twp. of Franklin*, No. 23-cv-3192, 2024 WL 4870790, at *5 (D.N.J. Nov. 22,
2024) (dismissing Equal Protection claim where allegations of race discrimination were
"speculative and conclusory"); *Holmes v. Fed Ex*, 556 F. App'x 150, 151 (3d Cir. 2014) (stating
that the "mere awareness" of race is "patently insufficient to raise an inference of discrimination
under § 1981"). For substantially the same reasons, Plaintiff's conspiracy and failure-to-prevent
claims fail as well. *See Seamon v. Shapiro*, No. 24-1451, 2025 WL 88837, at *4 (3d Cir. Jan. 14,
2025) (affirming dismissal of § 1985(3) claim where plaintiff had not plausibly pled that any
defendant was "motivated by a racial or class based discriminatory animus to deprive him of equal
protection of the laws"); *Greene v. Elizabeth Police Dep't*, No. CV188972JXNCLW, 2023 WL

---

deed and affidavit of title." (ECF No. 1, ¶¶ 29, 54.) Again, the First Amendment confers no such right. And even
assuming Plaintiff had previously engaged in some sort of protected speech, he alleges no facts supporting a plausible,
non-speculative inference that the mere copying of this individual in the correspondence constituted "a threat,
coercion, or intimidation, intimating that punishment, sanction, or adverse regulatory action will follow." *Mirabella
v. Villard*, 853 F.3d 641, 651 (3d Cir. 2017) (internal quotation marks omitted).

7

6233124, at *15 (D.N.J. Sept. 26, 2023) (dismissing § 1986 claim because it is derivative of a viable § 1985 violation and no such claim has been plausibly alleged)

In conclusion, the Court finds that the Complaint does not plausibly allege the deprivation of any federally protected right. Defendants are entitled to judgment on the pleadings as to Plaintiff's federal claims, and their Motion is accordingly granted to the same extent.

## IV.   CONCLUSION

For all of the reasons set forth above, the Court denies Defendants' Motion insofar as it seeks dismissal on Eleventh Amendment grounds, but grants it insofar as it seeks dismissal of Plaintiffs' federal causes of action for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, and those claims are dismissed without prejudice to their refiling in an appropriate state forum.[5]

Date: April 27, 2026

KAREN M. WILLIAMS, U.S.D.J.

---

[5] Under 28 U.S.C. § 1367(c)(3), district courts "must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). No such affirmative justification exists here. As previously noted, this matter is fundamentally a state-law dispute concerning the administration of state recording laws, which is more appropriately resolved in a state forum.